## NORTH COAST LUMBER COMPANY v. GREAT NORTHERN LUMBER COMPANY AND ANOTHER.[1]

### December 19, 1919.

### No. 21,391.

**Sale — delivery — when buyer's failure to pay does not relieve seller.**
1. The rule that failure of the buyer to make payment when due relieves the seller from making further delivery, does not apply where the seller was in default in making delivery when the payment became due and the price of the goods had advanced and the buyer withheld only enough to protect him from loss.

**Same — delivery within reasonable time.**
2. Where no time for delivery is fixed, the seller must make delivery within a reasonable time.

**Same — question for jury.**
3. The court erred in ruling as a matter of law that plaintiff was released from its obligation to make further delivery by defendants' re-

[1]Reported in 175 N. W. 547.

fusal to pay an instalment when it became due, as the evidence made a question for the jury as to whether defendants were justified in withholding this payment on the ground of an alleged prior breach of the contract by plaintiff.

**Change of theory by counsel permissible, when.**

4. Defendants' theory at the trial having been rejected, they do not infringe the rule against shifting position, by insisting that they are entitled to recover on the theory of the case adopted by the court.

Action in the district court for Hennepin county to recover a balance of $2,498.77 for lumber sold and delivered. Defendants interposed a counterclaim and asked judgment for $311.76. The case was tried before Waite, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and for the dismissal of the counterclaim, and a jury which returned a verdict in favor of plaintiff for $2,318.25. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Rose & Brill,* for appellants.

*Allen & Fletcher,* for respondent.

TAYLOR, C.

On February 26, 1917, defendants gave plaintiff an order for nearly one million feet of lumber at specified prices to be shipped from Pacific Coast points and delivered at Minneapolis, Minnesota. Plaintiff accepted the order and began delivering the lumber. The price of lumber advanced materially and deliveries under the contract fell off. A controversy arose in which each party claimed that the other had breached the contract. On June 8, 1917, defendants' representative wrote plaintiff:

"You are undoubtedly aware of the fact that this lumber is worth a great deal more today than the contract price and I wish to say that inasmuch as Mr. Fleisher needs the lumber and you have refused to deliver it, and that unless you deliver the same at once or agree to deliver it within a reasonable time subject to our approval as to the date, we shall have to purchase the lumber elsewhere and hold you for the damages."

Plaintiff made no direct reply to this letter but on June 13 wrote defendants:

144 M.—20.

"Several invoices for lumber shipped you are considerably past due, and we would not care to ship you any more, until what has been shipped has been paid for in full, as we do not feel justified in extending you the credit."

On June 16 defendants' representative mailed plaintiff a check for $2,000 and wrote:

"I am making this payment for the company in order to show the company's good faith in connection with their deal with you. Please refer again to my letter of June 8th, and advise me when we may expect the lumber we have coming. The balance we are holding back is in our opinion not more than enough to protect us on our claim against you. As soon as you have shipped the lumber or any portion thereof and will turn over to us the proper bills of lading, we will release enough of the money on hand, so that at no time will we have on hand more than enough to protect us on our claim against you."

Plaintiff refused to make further deliveries and defendants made no further payment.

The contract price for the lumber actually delivered amounted to the sum of $14,821.57, of which defendants had paid the sum of $12,322.80, leaving a balance of $2,498.77 unpaid. Plaintiff brought suit for this balance. Defendants admitted the amount due, but as an offset interposed a counterclaim for damages for failure to deliver the remainder of the lumber. At the trial the court withdrew this counterclaim from the jury, and instructed them that defendants were not entitled to any offset on account thereof. Defendants challenge this ruling and insist that the evidence in support of the counterclaim made a question for the jury.

The question presented is whether the court could say as a matter of law that plaintiff was justified in refusing to make further deliveries. It may be stated as a general rule that failure of the buyer, without excuse, to make instalment payments when due, relieves the seller from his obligation to make further instalment deliveries. But this rule does not apply where the price of the goods has materially advanced, and at the time the instalment became due the seller was already in default in failing to make deliveries. Under such circumstances the buyer may withhold such an amount as is reasonably necessary to protect himself from loss, without relieving the seller from his obligation to perform the remainder

of the contract./ Hjorth v. Albert Lea Machinery Co. 142 Minn. 387, 172 N. W. 488. In the present case the contract specified no time for delivery but provided that payment should be made 60 days from date of invoice. It contained no provision for delivery in instalments or for payment in instalments, but the parties treated each carload as an instalment, the price of which was due 60 days from the date of invoice of that carload. Defendants admitted that there were instalments past due on June 13, 1917, and plaintiff contends that it was relieved from further performance of the contract by the fact that defendants were in default on that date. Defendants contend that plaintiff was in default in failing to make deliveries long prior to that date and that they were justified in withholding payment for that reason. The contract specified no time for delivery.

"Where no time of delivery is fixed the seller is obliged to make delivery within such time as is reasonable, taking into account the character of the goods, the purpose for which intended, the ability of a manufacturer to produce the goods, and the usual course of business or trade." Hjorth v. Albert Lea Machinery Co. 142 Minn. 387, 172 N. W. 488.

Defendant company, of which defendant Fleisher is president, manager and principal stockholder, was organized in December, 1916, to operate a retail lumber yard in the city of Minneapolis. That the order in question was for the purpose of stocking this yard was known to plaintiff whose principal office is also in the city of Minneapolis. Payment for the lumber had been guaranteed by Fleisher personally, and no question is raised as to his responsibility. Plaintiff makes no claim that it did not have the lumber ready for shipment, but on the contrary claims to have had it on hand at all times.

Plaintiff's claim, in substance, is that the country was at war, and, the government having taken over the railroads, it was difficult to obtain cars, and that shipments were made as rapidly as could reasonably be expected under the circumstances. Defendants presented evidence tending to show that it was not difficult to obtain cars for such shipments during this period. More than three months elapsed after the making of the contract before defendants defaulted in payment. It was plaintiff's duty to make delivery within a reasonable time. A reasonable time would be the time ordinarily required for a seller who intends faithfully to per-

form his contract to make delivery in the usual course of business under similar conditions and circumstances. We think the evidence made a question for the jury as to whether plaintiff was not already in default in failing to make delivery when defendants defaulted in making payment, and that the court erred in ruling as a matter of law that plaintiff was relieved from making further delivery by defendants' default.

Plaintiff insists that defendants have shifted their ground, that they tried the case on one theory and present it to this court on a different theory.

Defendants sent plaintiff a written order for several kinds of lumber. Plaintiff accepted the entire order, but did so in five separate letters on blank forms prepared for that purpose, each of which accepted a specified part of the order. At the trial defendants took the position that accepting the order in this manner created five separate contracts, and contended that a default in making payment under one or more of these contracts did not bar them from recovering damages under those contracts on which they had not made default. The court held, as contended by plaintiff, that the order and the several letters accepting it constituted only one contract. The correctness of this ruling is not questioned on this appeal. The court having rejected defendants' theory of five contracts and held that there was only one contract, defendants do not infringe the rule against shifting position by insisting that under the theory of a single contract the evidence in respect to their counterclaim made a question for the jury.

The order denying a new trial is reversed and a new trial granted.