BRICKNER WOOLEN MILLS COMPANY v. M. A. KURSTIN, DOING BUSINESS AS M. A. KURSTIN COMPANY.[1]

December 24, 1920.

No. 22,070.

**Sale — breach of agreement to deliver by instalments.**

1. The evidence sustains the finding of the trial court that the plaintiff breached a contract for the sale and delivery of goods to the defendant.

**Same — damages sustained by evidence.**

2. The evidence sustains the finding of the trial court as to the amount of damage caused by such breach.

Action in the municipal court of Minneapolis to recover $482.62 for goods sold and delivered. The case was tried before Baldwin, J., who when defendant rested denied plaintiff's motion to dismiss defendant's counterclaim on the ground that there was no sufficient ground on which to base a counterclaim, made findings and ordered judgment for $1,000 in favor of defendant. From an order denying its motion for amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

C. A. & V. C. Pidgeon, for appellant.

Louis L. Swarthe, for respondent.

DIBELL, J.

This is an action to recover $1,717.65 for goods sold and delivered between December 7, 1916, and June 28, 1917, less $1,235.03 paid, leaving a balance of $482.62. The defendant counterclaimed for damages for a failure to deliver all the goods for which he contracted. The court found for the defendant on the counterclaim a sum sufficient to absorb the balance of $482.62, and $1,000 in addition, for which sum judgment was ordered against the plaintiff. The plaintiff appeals from the order denying its motion for a new trial.

1. In October, 1916, the plaintiff and the defendant entered into a

[1]Reported in 180 N. W. 1015.

contract for the sale of 4,000 yards of mackinaw cloth at $1.65 per yard, a total of $6,600. The deliveries were to be made in June and July, 1917. Small quantities were delivered before. Payments were to be made within four months of delivery. Goods shipped in December, 1916, amounting to $190.58, were paid for on May 14, a month late. Goods shipped in January, 1917, amounting to $120.04, which should have been paid for in May, were paid for on August 9. The item of June 6, $924.41, was paid on October 8. The items of June 16 and June 28, which became due in October, make the balance of $482.62.

The patterns were to be selected by the defendant within the week following the contract. He made a selection of 2,900 yards, and noted in his letter making the selection that the remaining 1,100 yards were "to be assorted during April, 1917." No such assortment was made.

The plaintiff delivered 1,041 yards. This left 2,959 yards. Deducting the 1,100 yards there are left 1,859 yards not delivered.

Deliveries were to be completed in June and July. At the time of the June deliveries the delivery of January 5, $56.51, and that of January 12, $63.53, a total of $120.04, was unpaid. They became due in May. They were paid August 9.

Both parties cite North Coast Lumber Co. v. Great Northern Lumber Co. 144 Minn. 304, 175 N. W. 547, where it is held that the failure of the buyer, without excuse, to make instalment payments when due relieves the seller from his obligation to make further instalment deliveries, but that if the seller is in default when the payment becomes due, and the price has advanced, the buyer may withhold enough to protect him from loss.

The only excuse the plaintiff can make for not delivering in June and July is the failure of the defendant to meet the payment of $120.04 due in May. It made deliveries after that time and received payment therefor in four months according to the contract. Just what occurred between the plaintiff and the defendant in June and July, or about that time, we do not exactly know. There were several letters in evidence, passing between the parties, and there was one from the plaintiff to the broker who made the sale. This letter the defendant read. The letters were referred to in the testimony, but not read into the record, and are not included in the settled case except by reference and are not re-

turned. Correspondence between the parties continued. On August 21 the defendant wrote the plaintiff, referring to the letter to the broker not returned with the settled case, and expressed a hope that the balance of the goods would be shipped as soon as possible. At this time it should be noted that the defendant was not in default. Everything due was paid. On August 22, 1917, the plaintiff replied, stating that it was willing to fill the defendant's order, but could not extend him over $500 credit. It had agreed to extend credit for the whole amount for four months from the deliveries. It suggested that he arrange to anticipate payments, and stated that if he would reduce within 2 or 3 weeks it would send him more goods with as little delay as possible. Four or five weeks later the defendant directed plaintiff to ship with bill of lading attached less 6 per cent per annum for anticipation. It then definitely refused. The defendant was not insolvent. He was able to carry out his contract. With the record as it is before us, without the exhibits which are not returned with the settled case, but which the trial court had, we cannot say that its finding that the plaintiff failed and refused to carry out its contract to deliver the cloth and that the defendant was able and willing to perform is not sustained.

2. The court found that in June and July, 1917, mackinaw cloth was worth 85 cents in advance of the contract price, and that the defendant was damaged in the sum of $1,665.15 by the plaintiff's breach. This was based on a failure to deliver 1,959 yards. The court did not hold the plaintiff liable for not delivering the 1,100 yards.

The evidence fairly sustains the finding of the trial court as to the increase in values and the amount of damages.

Order affirmed.